IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND WHITE,                              *
                Plaintiff,

    v.                                      *      CIVIL ACTION NO. PJM-14-1436

WARDEN JOHN S. WOLFE,  et al.,              *
                Defendants.

                              ***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss, or in the Alternative Motion for Summary Judgment filed by Defendants,  William O. Filbert Jr., Ronda Stepler, Secretary Gregg Hershberger, Carol Jackson, Sergeant Morris, and John S. Wolfe.[1]  ECF No. 10.  Plaintiff has responded. ECF No. 13.  Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

## Background

Plaintiff Raymond White, an inmate currently held at the Jessup Correctional Institution ("JCI"), filed the instant civil rights complaint alleging that JCI personnel have failed to comply with Administrative Law Judge ("ALJ") Latonya B. Dargan's order regarding the return of his radio. ECF No. 1.  At that time Plaintiff's radio was lost, he was housed at the Maryland Correctional Institution Hagerstown ("MCI-H"). Plaintiff alleges that after receiving the order of the ALJ which directed that either his radio be returned to him or that he "be permitted to order a

---

[1] Administrative Law Judge Latonya B. Dargan has not been served with the Complaint.  Even if  Dargan had been served, Plaintiff's claim against her would be subject to dismissal as the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Members of the executive branch who conduct administrative adjudicatory proceedings and who are functionally comparable to judges are entitled to absolute immunity. *Butz v. Economou, 438 U.S. 478* (1978).

radio that falls within DOC guidelines from a DOC approved vendor" he approached Sgt. Morris who contacted Carol Jackson.  Jackson allegedly instructed Morris not to follow the order because the incident did not happen at JCI.   ECF 1.  Plaintiff states that since there was confusion as to who should pay for the replacement, he offered to pick a radio from the confiscated property, but his offer was not accepted. *Id*. Plaintiff states that part of the ALJ's order was that he be reimbursed $125.00 for other lost property. Wolfe reimbursed Plaintiff the $125.00 but directed he use that money to purchase a new radio.   *Id*. Plaintiff states that he has been directed to purchase a replacement radio which complies with current DOC policies. *Id*. As relief he seeks full compliance with the ALJ's order; direction as to who has to pay for the radio or allow him to pick a boom box radio from the prison's confiscated storage; protection from future harassment; and monetary damages for the stress resulting from this incident. *Id*.

The facts are undisputed.   On December 20, 2013, ALJ Dargan issued an order concerning Plaintiff's complaint that his property, including an alarm clock, calculator, radio, wristwatch, five CDS, toiletry items, and his prayer rug, were lost while he was housed at the MCI-H. ECF 1-1.  The order directed that Plaintiff's radio be returned to him, or alternatively, he be permitted to order a new radio in compliance with DOC guidelines from a DOC approved vendor.  The order also directed he be reimbursed $125.00 as compensation for the other items lost. *Id*.  The ALJ's Order was approved by the Secretary of the Department of Public Safety and Correctional Services on January 9, 2014. ECF 1-4.

On January 27, 2014, Plaintiff was advised that his original radio could not be located and he would be permitted to purchase a new radio in compliance with DOC policy.  ECF 1-3. On February 6, 2014, Plaintiff was refunded $125.00 in compliance with the ALJ order. ECF 10,  Ex. 3.

2

Under current DOC policy, inmates are permitted to purchase a radio within the following restrictions: "radio, AM or AM/FM, Walkman type (clear case type only) with or w/o cassette or compact disc, or headset (no recording capability or detachable speakers)-$75." ECF 10, Ex. 2, p. 3. Plaintiff was given an opportunity to select a replacement radio, which JCI would pay for. *Id.*, Ex. 4. Plaintiff selected a "boom box" which does not comply with DOC guidelines regarding purchase of a radio. *Id.*, Exs. 4 & 5. Plaintiff was instructed to select another radio; however he refused to select anything other than a boom box. *Id.*, Exs. 4 & 6.

Plaintiff has not filed an administrative remedy procedure complaint ("ARP") regarding the enforcement of the ALJ's Order. *Id.*, Ex. 4.

**Standard of Review**

A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th  Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 563.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.      Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."   A dispute about a material fact is genuine "if the evidence is such that a

4

reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Analysis

A.  Supervisory Liability

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983).  Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2)

the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

Plaintiff's claims against Warden John S. Wolfe, Secretary Gregg Hershberger, and Director of Corrections William O. Filbert, Jr., are solely based on the theory of respondeat superior. Plaintiff has failed to establish that the conduct of any of the named officers caused him constitutional injury.   Plaintiff's complaint against Warden John S. Wolfe, Secretary Gregg Hershberger, and Director of Corrections William O. Filbert, Jr., shall be dismissed.

B.      Property Claim

In the case, as here, of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]   Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act or, as he did here,  through the Inmate Grievance Office.   Plaintiff succeeded in securing an order for the return and/or reimbursement of his lost property. Defendants endeavored to comply with the order regarding his lost property by reimbursing his inmate account and providing him an opportunity to order a replacement radio in compliance with current DOC directives.   Plaintiff refused, insisting he is entitled to replacement of his old radio. This was not the relief granted by the ALJ.   Plaintiff's

---

[2]Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

dissatisfaction that a replacement of his radio be consonant with current DOC policy does not render Maryland's post-deprivation remedy inadequate and does not rise to a constitutional violation.

C.      Violation of State law or DOC Regulation

To the extent Plaintiff alleges Defendants violated their own policies and procedures in handling his property and/or its replacement, his claim is without merit. State regulations do not provide a basis for a due process violation. *See Weller v. Dept. of Soc. Services*, 901 F.2d. 387 (4th Cir. 1990); *see also Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("[i]f the state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide that law is not a federal due process issue").

## Conclusion

The dispositive motion filed on behalf of Defendants will be granted.     A separate Order follows.

_____
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 3, 2015